UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAREN G. D'ONOFRIO,<br>　　*Plaintiff,* | §<br>§<br>§<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 4:15-cv-00753 |
| TEXAS WORKFORCE<br>COMMISSION AND VACATION<br>PUBLICATIONS, INC.,<br>　　*Defendants.* | §<br>§<br>§<br>§<br>§ | JURY DEMAND REQUESTED |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE HUGHES:

COMES NOW, Karen G. D'Onofrio, Plaintiff in the above styled and numbered cause of action, files this *Plaintiff's First Amended Complaint*, pursuant to this Honorable Court's Case Management Order [Doc. 19], complaining of Defendants Texas Workforce Commission ("TWC") and Vacation Publications, Inc. ("Vacation Publications") (Collectively, referred to as "Defendants"). This Honorable Court has allowed Plaintiff to amend her Original Petition, filed in state court, to add in causes of action against Vacation Publications, Inc. [Doc. 19]. Since Plaintiff's Original Petition was filed in state court, this Honorable Court has remanded the causes of action against Texas Workforce Commission back to the 405th Judicial District Court of Galveston County, Texas. [Doc. 9]. In an abundance of caution, and to comply with the express terms of this Court's Order [Doc. 19], Plaintiff has not amended her complaint to remove the causes of action against Texas Workforce Commission; however, it is understood that those causes

of action are still pending in the 405th Judicial District Court of Galveston County, Texas. For causes of action against these Defendants, Plaintiff respectfully shows as follows:

## I.  DISCOVERY CONTROL PLAN

1. This Honorable Court has quashed standard discovery in the case pending in the United States District Court for the Southern District of Texas, Houston Division, styled as Civil Action No. 4:15-cv-00753; *Karen D'Onofrio v. Vacation Publications, Inc., et. al.* [Doc.11]. Plaintiff would show that this case involves complex issues and will require extensive discovery. Therefore, Plaintiff requests the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

## II.  PARTIES

2. Plaintiff Karen G. D'Onofrio is an individual and resident of Galveston County, Texas.

3. Defendant Texas Workforce Commission ("TWC") is a governmental agency of the State of Texas. Upon information and belief, Defendant may be served by service upon one of the following members of the Commission: Andres Alcantar, Ronald Congleton, or Hope Andrade, at 101 E. 15th. St., Austin, Texas 78778-0001, in accordance with Tex. Labor Code Ann. § 212.206(b).

4. Defendant Vacation Publications, Inc. ("Vacation Publications") is a corporation doing business in the State of Texas, whose principal place of business is in Harris County, Texas. The causes of action asserted arose from or are connected with purposeful acts committed by Defendant. Defendant Vacation Publications, Inc. may be served via its registered agent for service, Robert J. Carney, at 5851 San Felipe St., Suite 500, Houston, TX 77057-8006. Pursuant to Tex. Labor Code Ann. § 212.206(d), a copy of this petition will be left with Defendant TWC for service upon Vacation Publications.

### III.   JURISDICTION & VENUE

5. The causes of action are based, in part, as an appeal form a final decision of the Texas Workforce Commission, filed pursuant to Tex. Labor Code Ann. § 212.201. This appeal is made from a decision rendered January 6, 2015, styled Case No. 1884871-2; *Karen G. D'Onofrio v. Vacation Publications, Inc*. Plaintiff D'Onofrio has exhausted all necessary administrative remedies under Chapter 212 of the Tex. Labor Code, in accordance with Tex. Labor Code Ann. § 212.203, and files this petition for judicial review de novo under Tex. Labor Code Ann. § 212.201.

6. The 405th Judicial District Court of Galveston County, Texas has jurisdiction and venue is proper in this cause as Plaintiff's county of residence is in Galveston County, Texas. Tex. Labor Code Ann. § 212.204(A).

7. For causes of action based, in part, relating to violations and/or interference with Family Medical Leave Act (29 U.S.C.S. §2601, seq. et. al.), this Honorable Court has subject matter jurisdiction over Defendant Vacation Publications, Inc. At the time that Mrs. D'Onofrio was fired from employment, she worked from home in Galveston County, Texas. Jurisdiction is proper because Plaintiff seeks monetary damages over $200,000 but not more than $1,000,000.00, which exceeds the minimum jurisdictional limits of the Court.

8. Both the 405th Judicial District Court of Galveston County, Texas and this Honorable Court have jurisdiction in this cause since the damages to Plaintiff are within the jurisdictional limits of this Court. Plaintiff reserves her right to amend her petition during and/or after the discovery process, and in accordance with the Federal Rules of Civil Procedure and any Order of this Court.

### IV.   FACTS

9. From September 24, 2012 until August 12, 2014, Mrs. D'Onofrio was employed by Defendant Vacation Publications, Inc. as a travel counselor for its subsidiary company, Vacations To Go.

10. As a travel counselor, Mrs. D'Onofrio's primary responsibility was to book cruises for her customers. It was Vacations To Go's policy to focus on developing long-term customer relationships based on trust and value-added service, with a goal of repeat and referral business.[1] Maintaining a core client base was essential to the success of a travel counselor at Vacations To Go.

11. Mrs. D'Onofrio was an excellent employee and had never been reprimanded, disciplined, or given any "warnings" prior to her termination without cause. She was consistently rated as "excellent" on her customer evaluations. *See* Exhibit B – Customer Evaluations.

12. On July 9, 2014, Mrs. D'Onofrio consulted with the Senior Director of Human Resources at Vacations to Go regarding the possibility of taking family medical leave, pursuant to the Family Medical Leave Act, to care for her spouse's serious health condition. During the course of this conversation, Mrs. D'Onofrio was led to believe that the only way she would be approved for leave was if she continued to service her clients on a reduced work schedule while on leave.

13. Beginning on July 11, 2014, Mrs. D'Onofrio began approved Family Medical Leave Act (FMLA) leave to care for her spouse's serious health condition. She was supposed to return to the company on October 6, 2014. *See* Exhibit C- Email Correspondence from Thain Allen.

14. While Mrs. D'Onofrio was on approved FMLA leave, caring for her spouse, she was asked to continue servicing her clients, at least every alternate day (Monday, Wednesday, Friday

---

[1] To prevent any inadvertent public disclosures of any alleged confidential materials, at the request of Counsel for Defendant Vacation Publications, Inc. Plaintiff has removed Exhibit A with her Original Petition from this Amended Complaint.

schedule) by management at Vacations to Go. Additionally, Mrs. D'Onofrio was asked to inform all of her customers, in her out-of-office e-mail, that she would respond to any e-mails they sent within forty-eight (48) hours.

15. While Mrs. D'Onofrio was caring her husband on her approved FMLA leave, on August 12. 2014, Mrs. D'Onofrio's manager, Stuart Gillan, informed Mrs. D'Onofrio's husband, Mr. Michael D'Onofrio, who was a customer of Mrs. D'Onofrio's at Vacations to Go, along with twenty-two of Mrs. D'Onofrio's customers, that Mrs. D'Onofrio was "no longer working with Vacations to Go" and that "[he] will be personally servicing [Mr. D'Onofrio's] booking from [August 12, 2014] forward." *See* Exhibit D- Texas Workforce Commission Appeal Tribunal Hearing Packet, at 19-A.

16. This was the first time that Mrs. D'Onofrio had received any notice that she was terminated. Subsequently, she attempted to log into her work computer and listen to her voicemails, however, she was unable to log into her account, and had been completely shut out of the Vacations To Go system.

17. It is undisputed that Mrs. D'Onofrio did not voluntarily leave her job on July 11, 2014. Senior Human Resources Director for Vacation Publications, Inc., Thain Allan, in the Employer's Response to Notice of Application of UI Benefits on September 3, 2014 stated that "[Mrs. D'Onofrio] is on FMLA leave for the major medical condition on an immediate family member." *See id.* at 12-A.

18. On August 24, 2014, Mrs. D'Onofrio filed an unemployment benefits claim with the Texas Workforce Commission. On September 11, 2014, TWC made a preliminary determination against Mrs. D'Onofrio. Mrs. D'Onofrio timely appealed this decision on September 19, 2014.

19. On October 14, 2014, an Appeal Tribunal Hearing was held between TWC Hearing Officer

Karnes, and Mrs. D'Onofrio, by and through the undersigned counsel. Defendant Vacation Publications did not attend the hearing, nor present any evidence that Mrs. D'Onofrio quit her employment with Vacations To Go voluntarily.

20. On October 16, 2014, the TWC Appeal Tribunal affirmed the earlier TWC determination of September 11, 2014. Mrs. D'Onofrio (claimant) timely appealed the Appeal Tribunal's decision on October 30, 2014. On January 6, 2015, TWC upheld the Appeal Tribunal's decision. Mrs. D'Onofrio now files this instant petition for judicial review de novo of the TWC's decision of January 6, 2015.

## V. CAUSES OF ACTION

### A. APPEAL OF THE TWC DECISION

21. Plaintiff incorporates the allegations set forth in the above paragraphs as if fully set forth herein.

22. Plaintiff Karen D'Onofrio is aggrieved by a final decision of the TWC dated January 6, 2015. A true and correct copy of the decision is attached hereto and incorporated herein for all purposes as Exhibit E.

23. The final decision upheld an erroneous decision issued by the TWC on October 16, 2014, which concluded that Plaintiff voluntarily quit her position at Vacations To Go.

24. It is undisputed that Plaintiff had approved FMLA leave from July 11, 2014 until October 6, 2014. However, on August 12, 2014, Mr. Gillan, a manager of Vacations To Go unilaterally terminated Plaintiff, Mrs. D'Onofrio, from employment. The TWC Appeal Tribunal erroneously concluded that "job separation occurred when the claimant ceased performing services and receiving pay so that she could care for her husband after his surgery. This was a personal reason unconnected with the work." *See* Exhibit F-TWC Appeal Tribunal Decision

of October 16, 2014. However, this conclusion erroneously equates approved FMLA leave with job separation. Plaintiff's job separation occurred on August 12, 2014 when Plaintiff was unilaterally terminated from her employer in violation of 29 U.S.C. § 2615.

25. After August 12, 2014, Plaintiff was totally unemployed, as that is defined under the Texas Unemployment Compensation Act, Tex. Labor Code Ann. § 201.091(a), as Plaintiff did not "perform services for wages in excess of the greater of (1) $5; or (2) 25 percent of the benefit amount." Accordingly, Plaintiff was entitled to receive benefits beginning on August 12, 2014, pursuant to the Texas Unemployment Compensation Act, Tex. Labor Code Ann. § 207.002.

## B. VIOLATION OF FAMILY MEDICAL LEAVE ACT -- RETALIATION

26. Plaintiff incorporates the allegations set forth in the above paragraphs as if fully set forth herein.

27. Defendant Vacation Publications, Inc. is an employer (29 U.S.C. § 2611(4)) and Plaintiff was an employee as those terms are defined by the FMLA (29 U.S.C. §2611(2)).

28. Under the Family Medical Leave Act (FMLA), an eligible employee is permitted to take up to twelve (12) weeks of leave during a 12-month period in order to care for a spouse with a serious health condition. *See* 29 U.S.C. § 2612(a)(1)(C).

29. During the hearing on October 14, 2014, Mr. D'Onofrio spoke at length of his qualifying serious health condition.

30. Subsequent to the expiration of an employee's FMLA leave, the employee is entitled to return to the "position of the employment held by the employee when the leave commenced; or [ ] to be restored to an equivalent position with equivalent employment benefits, pay, and

other terms and conditions of employment." 29 U.S.C. §2614(a)(1). Moreover, the Code is clear that "the taking of leave […] shall not result in the loss of any employment benefit accrued prior to the date on which the leave commenced." 29 U.S.C. §2614(a)(2).

31. In the case at hand, Plaintiff had approved FMLA leave and was set to return to work on October 6, 2014. However, Defendant Vacation Publications terminated Plaintiff while on approved FMLA, in violation of the Family Medical Leave Act provisions, 29 U.S.C. §2614(a)(1)(A), §2614(a)(2), §2615.

32. Defendant, Vacation Publications, unlawful actions have cause Plaintiff to suffer adverse employment actions after taking protected leave. By its conduct, Defendant knowingly and willfully retaliated against Plaintiff's lawful entitlement to leave under the FMLA, thus denying Plaintiff's right to leave under the FMLA.

### C. VIOLATION OF FAMILY MEDICAL LEAVE ACT – INTERFERENCE WITH SUBSTANTIVE RIGHTS UNDER FAMILY MEDICAL LEAVE ACT

33. Plaintiff incorporates the allegations set forth in the above paragraphs as if fully set forth herein.

34. The FMLA makes it clear that it is "'unlawful for any employer to interfere with, restrain, or deny the exercise of or attempt to exercise, any right provided.'" *Lister v. Nat'l Oilwell Varco, LP*, 2013 WL 5515196, *86 (S.D.T.X. Sept. 30, 2013) (*quoting* 29 U.S.C. § 2615(a)(1)). An employer who "interferes with the FMLA-created right to medical leave or to reinstatement following the leave" has violated the FMLA. *Arban v. West Publ'g Corp.*, 345 F.3d 390, 400 (6th Cir. 2003).

35. To be successful on an interference claim, an employee must only show that the employer did not respect the employee's FMLA's entitlements. *Bell v. Dallas County*, 432 Fed. Appx.

330, 334 (5th Circ. 2011). To interfere with an employee's FMLA rights, an employer need not only refuse to authorize FMLA leave, but also may interfere if the employer discourages the employee from using such leave. *Id.* at 334.

36. The 6th Circuit has found that an employer may interfere with an employee's FMLA rights if the employer asks the employee to work while on FMLA leave. *Arban*, 345 F.3d at 401.

37. The Southern District recently reviewed this specific issue and found that "asking or requiring an employee to work while on leave can cross the line into interference. '[T]he ability to take FMLA leave is not conditioned upon the willingness of the employee to remain 'on call' to the employer.'" *Smith-Schrenk v. Genon Energy Servs., L.L.C.*, 2015 U.S. Dist, LEXIS 3007 *28 (S.D.T.X. Jan. 12, 2015) (*quoting Sherman v. AI/FOCS, Inc.*, 113 F. Supp. 2d 65, 70-71 (D. Mass. 2000)). The *Smith-Schrenk* Court makes it clear that "[b]y requesting an employee work during FMLA leave, an employer not only discourages the employee from using such leave, but precludes her from using such leave during that period of time." *Smith-Schrenk*, 2015 U.S. Dist. LEXIS 3007 at *28. Essentially, in this manner, the employer "has failed to 'respect' the employee's FMLA 'entitlements.'" *Id*.

38. Here, it is undisputed that Mrs. D'Onofrio was asked to work while on FMLA leave. She was asked to keep up a regular schedule of answering phone calls from her clients, and responding to e-mails within 48 hours, or in the alternative, every other day, on Monday, Wednesday, and Friday. Accordingly, under the Smith-Schrenk analysis and under the Lister analysis, VTG interfered with Mrs. D'Onofrio's entitlements under the FMLA and she has suffered harm because of it.

## VI. DAMAGES

39. Plaintiff repeat and re-allege and incorporate by reference the above paragraphs, inclusive and in their entirety.

40. As a result of Defendants' acts and conduct, Plaintiff has sustained damages in excess of the minimal jurisdictional limits of this Court.

41. Because Defendant Vacation Publications, Inc. knowingly and intentionally acted with malice and a specific intent to cause substantial harm and injury to Plaintiff, Plaintiff is entitled to recover exemplary and punitive damages in an amount to be determined by the Court, consistent with the requirements of the Texas Civil Practice and Remedies Code § 41.003.

42. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing or proximate causes of the damages.

43. Plaintiff requests costs of court, pre- and post-judgment interest at the maximum rate allowed by law, and reasonable and necessary attorney's fees.

### VII.   CONDITIONS PRECEDENT

44. All conditions precedent to Plaintiff's claims for relief have been performed or have occurred.

### VIII.   JURY DEMAND

45. Plaintiff, Karen D'Onofrio, hereby requests a trial by jury pursuant to the Federal Rules of Civil Procedure 38(b).

### XI.   PRAYER

46. WHEREFORE, premises considered, Plaintiff requests that Defendants be cited to appear and answer herein, and that upon final trial and hearing, that Plaintiff have and recover a judgment against Defendants. With regards to Defendant Vacation Publications, Inc., Plaintiff prays for Plaintiff's damages; penalties and interest provided by law; reasonable and necessary attorney's fees, costs of court, pre- and post-judgment interest as provided by law at the

maximum legal rate, and such other relief to which Plaintiff may show itself to be entitled at law or in equity. With regards to Defendant Texas Workforce Commission, Plaintiff prays that the decision of the TWC be reversed and the matter be rendered in favor of Plaintiff, and such other and further relief to which Plaintiff may show herself to be entitled, in law or in equity.

    Respectfully submitted,

    **ARGUELLO, HOPE, & ASSOCIATES, PLLC**

    By: */s/ Nishi Kothari* _____
       Nishi Kothari
       Federal ID No.: 2274021
       State Bar of Texas No. 24087862
       1110 NASA Parkway, Suite 620
       Houston, Texas 77058
       Telephone: 281-532-5529
       Facsimile:   281-402-3534
       Kothari@simplyjustice.com

    ***ATTORNEY-IN-CHARGE FOR***
    ***PLAINTIFF KAREN G. D'ONOFRIO***

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the above and foregoing instrument has been served upon the following counsel of record via CM/ECF and/or e-mail, in accordance with the Federal Rules of Civil Procedure on this 8th day of June, 2015.

      Michael Jay Kuper
      2901 Via Fortuna Drive, Suite 500
      Austin, Texas 78746
      mkuper@kuperlawfirm.com
      **Attorney-in-Charge for Vacation Publications, Inc.**

      George Gibson
      Seth Miller
      Nathan Sommers Jacobs, P.C.
      2800 Post Oak Blvd., 61st Floor
      Houston, TX 77056
      ggibson@nathansommers.com
      smiller@nathansommers.com
      **Of Counsel for Vacation Publications, Inc.**

                                            */s/ Nishi Kothari*
                                            Nishi Kothari