UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **KAREN G. D'ONOFRIO,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:15-cv-00753** |
| | § | |
| | § | **JURY DEMANDED** |
| **VACATION PUBLICATIONS, INC.,** | § | |
| *Defendant.* | § | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSED MOTION TO DISMISS
WITH PREJUDICE CLAIMS AGAINST VACATION PUBLICATIONS, INC. FOR
VIOLATIONS OF FAMILY MEDICAL LEAVE ACT**

Plaintiff and Counterclaims-Defendant, Karen D'Onofrio, ("Plaintiff" or "Ms.

D'Onofrio") moves, pursuant to Fed. R. Civ. P. 41(a)(2) to voluntary dismiss the claims of Karen

D'Onofrio, with prejudice, against Defendant and Counterclaims-Plaintiff, Vacation

Publications, Inc. ("Defendant" or "Vacation Publications").

**1.      BACKGROUND**

1.      On February 3, 2015, Plaintiff filed her *Original Petition and Requests for Disclosure*

against Defendant and Counterclaims-Plaintiff Vacation Publications, Inc. ("Defendant" or

"Vacation Publications") for violations of the Family Medical Leave Act, 29 U.S.C. § 2601, et

seq.

2.      Vacation Publications, Inc. removed this action to this Honorable Court on March 23,

2015, claiming that this Court had original jurisdiction pursuant to 28 U.S.C.A §1331, and

pursuant to 28 U.S.C.A. §1441(c).

1

3.      Later, Plaintiff was granted leave to amend her Original Petition, to add in claims for violations of the Family Medical Leave Act under both retaliation and interference theories ("FMLA claims"). [Doc. 26].

4.      Additionally, Defendant has filed permissive counterclaims against Plaintiff, which stem from Plaintiff and Defendant's Employment-at-Will Agreement ("Agreement") dated September 24, 2012. The counterclaims against Plaintiff do not relate to the violations of Family Medical Leave Act claims made against Vacation Publications by Ms. D'Onofrio. The counterclaims may be independently adjudicated from the claims against Vacation Publications by a court of competent jurisdiction.

5.      Vacation Publication has not filed a Motion for Summary Judgment in this matter.

6.      No trial has been set in this matter yet.

7.      Plaintiff has not previously dismissed any federal court or state court suit based on the same claims as those presented in this case.

8.      Counsel for Defendant, in a pre-trial conference with the Court on June 22, 2015, stated to the Court that it wishes to either file a Motion to Dismiss Plaintiff's FMLA claims or, alternatively, to file a Motion for Summary Judgment against Plaintiff's FMLA claims. However, Defendant, through counsel, has stated it is opposed to this Motion. Plaintiff cannot ascertain any justifiable reason why Defendant would be opposed to this Motion as it is the same relief that Defendant previously sought from the Court.

9.      Defendant has recently produced documents in this litigation that relate to Ms. D'Onofrio's termination at Vacation Publications. After further review of these documents, Plaintiff no longer wishes to pursue her FMLA claims against Vacation Publications. Moreover, in her deposition on June 18, 2015, Plaintiff stated that she is currently experiencing medical

problems and is taking medication for these issues. Out of concern for her health, Ms. D'Onofrio

no longer wishes to pursue the FMLA claims against Vacation Publications.

## 2. DISMISSAL IS PROPER PURSUANT TO FED. R. CIV. P. 41(a)(2)

10.     Voluntary dismissal of Plaintiff's claims is proper in this case pursuant to Fed. R. Civ. P.

41(a)(2), which allows a Plaintiff to request dismissal of a case and seek a Court order

dismissing the claims. Though a voluntary dismissal under Fed. R. Civ. P. 41(a)(2) may be

dismissed without prejudice, in an effort to demonstrate to the Court that Plaintiff does not wish

to relitigate these claims, nor will Defendant incur any additional expenses in litigating these

claims, Plaintiff asks this Court to dismiss Plaintiff's FMLA claims *with* prejudice to refiling.

11.     Generally speaking, "motions for voluntary dismissal should be freely granted unless the

non-moving party will suffer some plain legal prejudice." *Elbanor v. Tripath Imaging Inc.,* 279

F.3d 314, 317 (5th Cir. 2002). In order to show legal prejudice, Defendant must show prejudice

to some legal interest, claim or argument. *Hall v. Johnson & Johnson*, 2005 WL 2548251, at *1

(E.D.T.X. Oct. 12, 2005). "Plain legal prejudice may occur when the plaintiff moves to dismiss a

suit at a late stage of the proceedings or seeks to avoid an imminent adverse ruling in the case or

where a subsequent refiling of the case would deprive the defendant of a limitations defense."

*Harris v. Devon Energy Production Co., L. P*., 500 Fed. Appx. 267, 278 (5th Cir. 2012).

12.     Here, this case has not yet been set for trial, and there are no pending motions before this

Court. Moreover, this Motion is coming less than three months after Defendant removed this

case to this Court. Additionally, Plaintiff does not wish to refile this case, as she is asking this

Court to dismiss her claims with prejudice as to refiling.

13.     Generally speaking, the possibility that additional expenses may be incurred in

relitigating the issues in another forum does not constitute legal prejudice and does not support a

denial of a Rule 41(a)(2) dismissal. *Elbanor*, 279 F.3d at 317, n.3. Here, Plaintiff is not asking Defendant to incur any more expenses in litigating these issues as Plaintiff is filing this Motion to Dismiss with Prejudice. Moreover, as stated *supra*, Defendant's Counsel has already stated to this Court that it wishes to file a Motion to Dismiss Plaintiff's FMLA claims or alternatively a Motion for Summary Judgment on Plaintiff's FMLA claims. Therefore, Plaintiff cannot see how Defendant would be legally prejudiced by granting this Motion to Dismiss.

14.     The purpose of Rule 41(a)(2) is to "freely allow voluntary dismissals." *See Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987). Though a Court may impose conditions on the dismissal to protect a defendant from potential legal prejudice, defendant may not prevent dismissal on the grounds that "plaintiff will gain a tactical advantage." *Teck Gen. Pshp. v. Crown Cent. Petroleum Corp.*, 28 F. Supp.2d 989, 991 (E.D. Va. 1998). Here, Plaintiff will not gain a tactical advantage by dismissal, such as refiling in a different court, as Plaintiff is asking the Court to dismiss the case with prejudice to refiling.

15.     Furthermore, a motion to dismiss pursuant to 41(a)(2) may be granted, even over Defendant's objections, when a counterclaim has been pleaded, if the counterclaim may be independently adjudicated. *See* Fed. R. Civ. P. 41(a)(2). Defendant has asserted a variety of counterclaims against Plaintiff that mostly stem from Plaintiff's and Defendant's Employment at Will Agreement. The counterclaims do not stem from Plaintiff's FMLA claims and there is no reason why the counterclaims could not be independently adjudicated if Plaintiff's FMLA claims are dismissed.

16.     Therefore, for the above reasons, Plaintiff asks that the Court grant its Motion to Dismiss pursuant to Fed. R. Civ. P. 41(a)(2).

### 3. CONCLUSION

Because Karen D'Onofrio's Motion to Dismiss with Prejudice Claims Against Vacation Publications, Inc. for Violations of Family Medical Leave Act will not prejudice Vacation Publications, Inc., and because it will ultimately uphold the principles of judicial economy, the Court should exercise its discretion and grant Plaintiff's Motion to Dismiss.

### 4. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court dismiss her claims against Vacation Publications, Inc. with prejudice. Moreover, Plaintiff prays that the Court ask each party to bear its own costs in litigating this case, and grant Plaintiff such other relief that she may show herself justly entitled.

Respectfully submitted,

ARGUELLO, HOPE & ASSOCIATES, P.L.L.C.

By: /s/ Nishi Kothari
Nishi Kothari
State Bar of Texas No: 24087862
Federal Bar ID No.: 2274021
1110 NASA Parkway, Suite 620
Houston, Texas 77058
(281) 532-5529 Telephone
(281) 402-3534 Facsimile
kothari@simplyjustice.com
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to the below counsel of record via the Court's ECF system (e-filing system) on this 23rd day of June, 2015 and in accordance with the Federal Rules of Civil Procedure.

Michael Jay Kuper
2901 Via Fortuna Drive, Suite 500
Austin, Texas 78746
mkuper@kuperlawfirm.com
**ATTORNEY-IN-CHARGE FOR VACATION PUBLICATIONS, INC.**

George R. Gibson
Seth A. Miller
NATHAN SOMMERS JACOBS, P.C.
2800 Post Oak Boulevard, 61st Floor
Houston, Texas 77056
ggibson@nathansommers.com
smiller@nathansommers.com
**COUNSEL FOR VACATION PUBLICATIONS, INC.**

/s/ Nishi Kothari
Nishi Kothari