UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States District Court
Southern District of Texas
**ENTERED**
October 31, 2018
David J. Bradley, Clerk

| | |
|---|---|
| KAREN G. D'ONOFRIO<br>Plaintiff, | §<br>§<br>§ |
| v. | §<br>§ |
| VACATION PUBLICATIONS, INC.<br>Defendant. | §<br>§  CIVIL ACTION NO.4:15-cv-00753<br>§ |
| v. | §<br>§ |
| MICHAEL D'ONOFRIO,<br>INDIVIDUALLY AND D/B/A<br>TRANQUILITY BASE ENTERPRISES<br>Third-Party Defendant | §<br>§<br>§<br>§<br>§ |

### AGREED FINAL JUDGMENT
### AND ORDER OF DISMISSAL WITH PREJUDICE

The Court has considered Vacation Publication, Inc.'s ("Vacation"), Karen G. D'Onofrio's, and Michael D'Onofrio's agreement to this order and judgment and finds that the Agreed Final Judgment and Order of Dismissal with Prejudice should be granted. The Fifth Circuit held that the scope of the non-competition provisions in Section 6 of the Vacations to Go Employment At Will Agreement with Karen G. D'Onofrio is overly broad and unenforceable. Based on the agreement of the Parties the Court reforms the covenant. It is therefore

ORDERED that the non-competition provisions in Section 6 of the Vacations to Go Employment At Will Agreement with Karen G. D'Onofrio is reformed as follows:

    6.    In consideration of the Confidential Information and Specialized Training to be furnished and provided to him by VTG during his employment, Employee covenants (the "Covenants") that while employed by VTG, and for 18 months thereafter, Employee will not, within the geographical area in which Employee operated while employed by VTG:

        a.    Work in any capacity at the same or similar job, full-time, part-time, for any or for no consideration, for any direct or indirect competitor of VTG,. in

        any job related to sales or marketing of cruises, escorted or independent tours, river cruises, safaris, or resort stays.

b.     Disclose directly or indirectly VTG's methods of doing business or any other Confidential Information to any person, firm, corporation, partnership, association, or other entity for any purpose or reason whatsoever.

c.     Directly or indirectly use VTG's methods of doing business or any other Confidential Information for Employee's own benefit for any purpose whatsoever.

d.     For herself, on behalf of, or in conjunction with any other person or entity, in any capacity, directly or indirectly:

    i.     Solicit, engage in selling to, engage in business with, or call upon any person or entity who or which Employee has had contact in connection with the possible purchase of has purchased a cruise, escorted or independent tour, river cruise, safari or resort stay from VTG within the preceding 3 years, or

    ii.     Solicit or divert any business or patronage from any person or entity who or which Employee has had contact in connection with the possible purchase of has purchased a cruise, escorted or independent tour, river cruise, safari or resort stay from VTG within the preceding 3 years to a competitor or rival of VTG,

    iii.     Solicit, engage in selling to, engage in business with, or call upon any person or entity whose identity was obtained by Employee in violation of the confidentiality provisions herein, such as, for example, theft of customer lists, or from another present or former VTG employee in violation of their covenants in their employment agreements, such as, for example, theft and wrongful disclosure of customer lists.

    iv.     Solicit or induce any other employee or ex-employee of VTG to terminate his or her employment with VTG or otherwise to violate his or her employment agreement with VTG,

    v.     Solicit or induce any person that has been a customer of VTG Employee within the preceding 3 years to terminate its relationship with VTG.

It is further

ORDERED that the Court finds and the parties have stipulated that the non-compete has expired and is not further enforceable against Karen G. D'Onofrio. It is further

ORDERED that this lawsuit and all claims and causes of action made or that could have been made by the parties are dismissed with prejudice and all parties will pay their own costs.

SIGNED the 30th day of October, 2018.

_____
JUDGE PRESIDING

AGREED:

_____
George R. Gibson
Texas Bar No. 00793802
Federal ID No. 19879
NATHAN SOMMERS JACOBS
A Professional Corporation
2800 Post Oak Boulevard, 61st Floor
Houston, Texas 77056-6102
713.960.0303 - telephone
713.892.4800 - fax
ggibson@nathansommers.com

ATTORNEYS FOR VACATIONS PUBLICATIONS, INC.

_____
Blaine Hummel
State Bar No. 24012872
Federal Bar No. 32204
Lucero | Wollam, P.L.L.C.
1776 Yorktown, Suite 100
Houston, Texas 77056
713.225.3400
713.225.3300 – fax
bhummel@lucerowollam.com

ATTORNEYS FOR KAREN G. D'ONOFRIO

_/s/ Mary Alice Parsons_
Mary Alice Parsons
SBN: 00791409
Federal Bar No.: 18141
The Parsons Law Firm
4545 Bissonnet Street, Suite 104
Bellaire, Texas 77401
713.955.4878 - telephone
713.589.2454 – fax
mary@parsonslawtexas.com

ATTORNEYS FOR MICHAEL D'ONOFRIO